IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK R. MONTGOMERY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-cv-1194-O |
| | § | |
| MICHAEL J. ASTRUE | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 12] and Plaintiff's objections thereto [Doc. 13] filed in accordance with 28 U.S.C. § 636(b)(1). After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendations of the United States Magistrate Judge [Doc. 12] and Plaintiff's Objections [Doc. 13] the Court finds that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Plaintiff, Derrick R. Montgomery, takes issue with the Magistrate Judge's conclusion that the Administrative Law Judge ("ALJ") properly weighed the opinions of his treating physicians and properly evaluated Plaintiff's credibility. Under 28 U.S.C. § 636(b)(1) the Court must review the pleadings, filings and records of the case and the Findings, Conclusions and Recommendations of the Magistrate Judge *de novo*.

The scope of judicial review of an ALJ's decision to deny benefits is "limited to determining whether the decision is supported by substantial evidence in the record and whether

1

the proper legal standards were used in evaluating the evidence." *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)).

Plaintiff takes issue with the Magistrate Judge's conclusion that the ALJ applied the proper legal standard when weighing the evidentiary value of the opinions of his treating physicians. In *Newton v. Apfel*, 209 F.3d 448, 456-58 (5th Cir. 2000), the Fifth Circuit held that "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's view" by applying the six factor analysis found in the Social Security Administration's ("SSA's") regulations. *See* 20 C.F.R. § 404.1527(d)(2)(i)-(ii); d(3)-(6). The SSA's six factors are: (1) length of the treatment relationship and frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the treating physician's opinion by medical evidence; (4) consistency with the record as a whole; (5) specialization; and (6) any other factors which tend to support or contradict the treating physician's opinion. *Id.* Only the medical opinions of a treating physician require such analysis. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). Legal conclusions that a patient is "disabled" or "unable to work" have "no special significance in the ALJ's determination" and are "reserved to the Commissioner." *Id.* (quoting 20 C.F.R. § 404.1527(e)). Supporting such legal conclusions with medical evidence does not convert them into medical opinions. As such, the legal conclusions of Drs. Duarte [Doc. 8, p. 454-55] and Gidcomb [Doc. 8, p. 443-46] in the Administrative Record hold no special significance and the ALJ was not required to apply the six factor test in rejecting those opinions.

While the medical opinions of Plaintiff's treating physicians do require application of the six factor test contained in the SSA regulations, 20 C.F.R. § 404.1527(d)(2)(i)-(ii); d(3)-(6), the

ALJ discussed each factor in relation to each of the Plaintiff's treating physicians. The ALJ noted the inconsistencies in Dr. Duarte's February, 2007 and July, 2007 opinions and the lack of objective medical support for the July, 2007 medical opinion. [Doc. 8, p. 18]. The ALJ similarly applied the six factors to the medical opinions of both Drs. Smith and Gidcomb. *Id.* Since the ALJ applied the correct legal standard in analyzing the medical opinions of the treating physicians using the six factors listed in the SSA regulations, the conclusions can only be overturned if not supported by substantial evidence in the record. The Court finds that there is substantial evidence in the record to justify the ALJ's conclusions and that the "ALJ properly exercised his responsibility as fact finder in weighing the evidence." [Doc. 12]. Therefore, the Magistrate Judge's decision to uphold the ALJ's analysis of the opinions of the Plaintiff's treating physicians was proper.

Additionally, Plaintiff takes issue with the Magistrate Judge's conclusion that the ALJ properly weighed the credibility of Plaintiff's testimony. An ALJ's determination of a Plaintiff's pain is "entitled to considerable deference." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). "The ALJ must articulate reasons for rejecting the claimant's subjective complaints of pain," only "when the evidence clearly favors the claimant." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (citing *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988)). The ALJ's determination of the credibility of Plaintiff's subjective complaints of pain are supported by substantial evidence in the record and do not run afoul of any relevant legal standards. As such, the Magistrate Judge's decision to uphold the ALJ's determinations regarding the credibility of the Plaintiff was proper.

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Doc. 12] and

Plaintiff's Objections thereto [Doc. 13], the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

**SO ORDERED** on this **13th** day of **September, 2010.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**